UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN NGUYEN,
        Plaintiff,

    v.

MARGARET P. CHOW, et al.,
        Defendants.

Case No. 14-cv-01444-VC

**ORDER GRANTING MOTION TO DISMISS RICO CLAIM**
Re: Dkt. No. 27

Plaintiff Dan Nguyen has sued Defendants Linda Chow, MCC Investments, Inc., and Tom Loi. Nguyen has asserted thirteen causes of action, all but one of which are state law claims. His only ground for asserting federal jurisdiction is defendants' alleged violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-1968. Defendants Chow and MCC have filed a motion to dismiss all thirteen causes of action. Their motion to dismiss Nguyen's RICO claim is granted, with leave to amend. Because the Court has dismissed the RICO claim, the Court will not consider the remaining causes of action at this time, as it will decline to exercise supplemental jurisdiction over them if Nguyen cannot successfully state a RICO claim.

Nguyen's RICO claim is deficient in a number of respects. First, Nguyen appears to allege that defendants have violated all four provisions of 18 U.S.C. § 1962. Section 1962(a) prohibits a person from investing any income in an enterprise if that income was derived from a pattern of racketeering activity. Section 1962(b) prohibits a person from acquiring or maintaining control over an enterprise through a pattern of racketeering activity. Section 1962(c), which is the most

commonly alleged violation of RICO, prohibits a person from participating in the conduct of an enterprise through a pattern of racketeering activity. And Section 1962(d) prohibits a person from participating in a conspiracy to violate Sections 1962(a), (b), or (c). Each of these four prohibitions shares important elements – such as the existence of an enterprise that affects interstate commerce and a pattern of racketeering activity – yet they are focused on different types of illegal activity. Nguyen's complaint, however, groups them together in a generalized way such that it is impossible to determine which of defendants' alleged activities violate which RICO prohibitions. If Nguyen amends his complaint and continues to pursue a RICO claim, he should be clear as to which RICO provision the defendants have violated and how their alleged activities have violated it.

Second, to state a claim for civil RICO under any of the above provisions, Nguyen must establish that defendants participated in a pattern of racketeering activity. The racketeering activity, or underlying predicate acts, can consist of any of the state and federal offenses listed in Section 1961(1). To establish the "pattern" requirement, Nguyen must allege that defendants committed at least two predicate racketeering acts of criminal activity over a ten-year period, and that the predicate acts were related and have continuity, meaning that they "amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (emphasis in original).[1]

Nguyen's complaint alleges that the defendants engaged in the predicate acts of bank fraud, as Loi allegedly stole a check from MCC and endorsed it to himself, and extortion, as Chow and Loi allegedly threatened Nguyen with violence in order to pressure him into giving up control of his shares of MCC. Compl. ¶ 128. It is not clear that either of these predicate acts have the

---

[1] A plaintiff can meet the continuity requirement in two ways. First, close-ended continuity is established when the related predicate acts occurred over a substantial period of time. The emphasis is on long-term criminal conduct, as "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242 (1989). Second, where long-term criminal conduct cannot be established, then a plaintiff may allege open-ended continuity, which is the threat that defendants' alleged criminal conduct will continue into the future.

requisite continuity to constitute a pattern. This is particularly true with respect to bank fraud, as the alleged act only occurred one time. In his sur-reply, Nguyen claims that MCC engaged in money laundering, but these allegations are absent from his complaint. Any amended complaint should provide clarity as to what racketeering activity the defendants allegedly participated in and how that activity constitutes a pattern.

Finally, it is unclear what entity Nguyen is alleging constitutes a RICO "enterprise." Nguyen's complaint states that MCC is an enterprise, which is of course true, but it also alleges that "[a]ll Defendants formed an 'enterprise.'" Compl. ¶ 128. This seems to suggest that the RICO enterprise consisted of Chow, Loi, and MCC. Because there is no legal structure connecting all of the defendants, the alleged enterprise would be an "association-in-fact" enterprise, as provided for by 28 U.S.C. § 1961(4). But an association-in-fact enterprise must have a common purpose, a structure or organization, and sufficient longevity in order to accomplish its purpose. *Boyle v. United States*, 556 U.S. 938, 946 (2009). It is not clear that the association-in-fact of Chow, Loi, and MCC can satisfy these requirements, as it appears as if Chow and Loi have an informal relationship lacking any type of structure, organization, or longevity.

RICO, though it is to be construed broadly, is focused on long-term criminal conduct, not on sporadic activity or on garden-variety tort or contract claims. *See H.J. Inc., Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989). The Court has serious doubts about whether defendants' alleged conduct could ever fall within the scope of RICO. Nonetheless, Nguyen is granted leave to amend if he can make a good faith effort to cure these deficiencies. The Court also notes, however, that even though the Court offers no opinion with respect to Nguyen's state law claims or the sufficiency with which he has alleged the underlying predicate acts for RICO, Nguyen is now on notice that he must also cure any defects in those claims if he files an amended complaint. Otherwise, the case will be dismissed with prejudice.

3

1 **IT IS SO ORDERED.**

2 Dated: September 19, 2014

3 _____

4 VINCE CHHABRIA
United States District Judge